VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      22-AP-256



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MAY TERM,   2023

| | | |
|---|---|---|
| Alpine Haven Property Owners Association, Inc. v. Edward Deptula\* | } } } } } } | APPEALED FROM:<br><br>Superior Court, Franklin Unit, Civil Division<br>CASE NO. 124-3-13 Frcv<br>Trial Judge: Thomas Carlson |

In the above-entitled cause, the Clerk will enter:

Defendant appeals pro se the trial court's imposition of sanctions against him in the form of attorney fees and expenses.  We affirm.

This is one in a series of appeals filed by defendant stemming from his refusal to pay homeowner association fees to plaintiff.  Litigation has been ongoing for more than thirty years.  Plaintiff filed this collection action against defendant in 2012.  In 2019, the trial court awarded plaintiff $17,680 plus costs, a decision we affirmed on appeal.  See Alpine Haven Prop. Owners' Ass'n, Inc. v. Deptula, 2020 VT 88, ¶¶ 1-8, 213 Vt. 507 (recognizing defendant's ongoing refusal to pay and his repetitive legal challenges to reasonableness of fees).  Plaintiff subsequently renewed its request for attorney's fees.  Defendant moved for relief under Rule 60(b).  The trial court denied defendant's motion and granted plaintiff's request.  It deemed all litigation that defendant initiated after Alpine Haven Property Owners' Association, Inc. v. Brewin, 2018 VT 88, 208 Vt. 462, to be vexatious given that the issues defendant raised had been finally decided against him in prior litigation.  As determined by the trial court, defendant "approached the defense of these modest annual charges as a pathological life mission, provoking an obstinacy in him that was vexatious to all on the other side," and there was "significant evidence of that [same] behavior even before Brewin."  Alpine Haven Prop. Owners' Ass'n, Inc. v. Deptula, No. 2021-156, 2022 WL 732119, at \*4 (Vt. Mar. 11, 2022) (unpub. mem.) [https://perma.cc/XBH4-JVQP].  It concluded that defendant's "seemingly blind obstinacy, above all, made this case extraordinary and gave cause for an attorney-fee award." Id. (quotation marks omitted).  Defendant appealed, and this Court affirmed in a March 2022 decision.  See id.

Plaintiff then filed a motion under Vermont Rule of Civil Procedure 54(d)(2) seeking costs and expenses incurred on appeal and costs and legal fees incurred in the trial court that predated the prior fee award.  The trial court granted plaintiff's request, finding that defendant's continued litigation was vexatious.  As a sanction, it awarded plaintiff its legal costs and

expenses incurred during the appeal to this Court in the amount of $17,476.75, plus additional superior court legal fees and expenses of $11,483.05, for a total judgment of $28,959.80.

The court explained that it had reviewed plaintiff's invoices for the work performed and adjustments made in response to defendant's specific objections, and it found that the rates charged and the work performed were reasonable and necessary. It added that all of the costs were incurred in response to defendant's continuing practice of repeatedly raising issues long ago resolved and insisting on litigation over and over again as to the same dispute, in gross disproportion to the amount at stake in the underlying dispute. Indeed, the court continued, it would be a gross injustice not to sanction defendant given his ongoing and meritless litigation over the small annual fee.

As to defendant's claim of an alleged defect in service, the court explained that it had ruled on and denied that motion in earlier orders, finding no prejudice whatsoever to defendant even assuming arguendo that such a defect occurred. The court noted that defendant had no difficulty responding to plaintiff's pleadings and he had been given extra time to do so. Defendant now appeals.

Defendant raises numerous arguments on appeal, many of which repeat the same line of arguments rejected in prior litigation. As best can be discerned, he argues that: the court lacked jurisdiction to sanction him; he should not have been sanctioned for his conduct for various reasons; plaintiff waived recovery of certain attorney's fees; and the fees were calculated incorrectly.

We have reviewed the record and considered all of defendant's discernible arguments on appeal. We reject these arguments on the merits for the reasons articulated in plaintiff's brief. We find no error in the underlying proceedings and no basis to disturb the court's decision.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice